IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUSTIN RAWLS, *et al.*

    Plaintiffs,

v.

HARTFORD ACCIDENT &
INDEMNITY COMPANTY

    Defendant.

Civil Action No. RDB-19-1566

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

This declaratory judgment action arises from Plaintiff Justin Rawls' ("Plaintiff" or "Rawls") workplace injury and subsequent attempts to obtain compensation for that injury. Rawls sues Defendants American Stump & Tree Service, Inc. ("American Stump"), Stephan Szoke ("Szoke"), and Hartford Accident & Indemnity Company ("Hartford"). Szoke seeks a declaratory judgment "establishing the amount of available insurance coverage for Defendants American Stump and Stephan Szoke, to be provided by Defendant Hartford." (Compl. at 4, ECF No. 1-1.) Now pending is a Motion to Remand this Action to State Court (ECF No. 13) filed by Plaintiff Rawls and Defendants American Stump and Szoke. Defendant Hartford opposes the Motion. (ECF No. 14.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, the Motion to Remand this Action to State Court (ECF No. 13) is DENIED.

## BACKGROUND

Rawls is an independent contractor who performed work for Defendant American Stump. (Compl. ¶ 7.) On February 24, 2017, Rawls suffered an injury when he was struck by a tree limb during a tree-removal operation at work. (*Id.* ¶ 6.) Subsequently, Rawls sought to file a workers' compensation claim. (*Id.* ¶ 8.) Upon discovering that American Stump did not maintain workers' compensation insurance coverage, Rawls filed a claim for damages with Defendant Hartford, which provides liability coverage for American Stump. (*Id.* ¶¶ 8, 10.)

Rawls alleges that Hartford has "failed or refused" to make a coverage determination with respect to his claim. (*Id.* ¶ 11.) Hartford has allegedly verbally advised that it is denying and disclaiming coverage for his loss but has refused to make this statement in writing. (*Id.* ¶ 13.) The applicable insurance policy carries a bodily injury liability limit of $1,000,000.00 per occurrence, a general aggregate limit of $2,000,000.00, and medical payment coverage of $10,000.00. (*Id.* ¶ 12.)

On March 27, 2019, Rawls filed suit in the Circuit Court of Maryland for Baltimore County against American Stump (a Maryland corporation with its principle place of business in Maryland), Szoke (a Maryland citizen), and Hartford (a Connecticut Corporation with its principle place of business in Connecticut). Rawls files suit in his capacity as a "third-party beneficiary of the subject insurance policy." (*Id.* ¶ 15.) He contends that under Maryland law, he must either file a workers' compensation claim with the Uninsured Employers Fund or sue Defendant American Stump directly—but not both. (*Id.* ¶ 16.) As things stand, Rawls claims he "cannot determine which course of action is prudent until Defendant Hartford's coverage

obligation is determined." (*Id.* ¶ 17.) Accordingly, Rawls seeks a declaratory judgment "establishing the amount of available insurance coverage for Defendants American Stump and Stephan Szoke, to be provided by Defendant Hartford." (*Id.* at 4.)

On May 28, 2019, Hartford removed this action from the Circuit Court to this Court pursuant to 28 U.S.C. § 1446. Hartford maintains that this Court may hear this matter pursuant to its diversity jurisdiction conferred by 28 U.S.C. § 1332(a)(1), despite a lack of complete diversity of citizenship among Plaintiff and Defendants, because the non-diverse defendants (American Stump and Szoke) share the Plaintiff's interest in determining the amount of available insurance coverage under the Hartford policy and may be "realigned" to reflect their mutuality of interests. (Notice of Removal ¶¶ 11, 14, 24, ECF No. 1.) Now pending is a Motion to Remand this Action to State Court (ECF No. 13) filed by Plaintiff Justin Rawls and Defendants American Stump & Tree Service, Inc. and Stephan J. Szoke.

## STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th

3

Cir. 2004).

## ANALYSIS

Rawls, American Stump, and Szoke move to remand this matter to the Circuit Court of Maryland for Baltimore County. The movants do not challenge Hartford's claim that they share a common interest in this lawsuit and that the Court may realign the parties for purposes of diversity jurisdiction. Instead, the trio argue that Hartford's Notice of Removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) and, pursuant to 28 U.S.C. § 1445(c), this action cannot be removed to federal court because it arises under the workers' compensation laws of Maryland. The Court rejects both of these arguments.

### I. Re-Alignment of Parties.

Before turning to the movants' arguments, this Court briefly addresses the basis for its diversity jurisdiction and considers the proper alignment of the parties. To determine whether it is proper to exercise diversity jurisdiction over this matter, the parties must be aligned according to their interests. *Hidey v. Waste Sys. Int'l, Inc.*, 59 F. Supp. 2d 543, 545 (D. Md. 1999). To do so, the Court follows the two-step "principal purpose" test. *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995). "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *Id.*

In this case, there is no dispute that the primary issue in controversy is "the amount of available insurance coverage for Defendants American Stump and Stephan Szoke, to be provided by Defendant Hartford." (Compl. at 4.) Nor is there any dispute that the interests of American Stump, Stephan Szoke, and Rawls all neatly align against the interest of Hartford,

4

and *vice versa*. Insurers and insureds typically have adverse interests, as a determination as to the amount of liability coverage available in a given action will inure to the detriment of one, and to the benefit of the other. *See, e.g., U.S. Fidelity & Guar. Co. v. A&S Mfg. Co., Inc.*, 48 F.3d 131, 133-34 (4th Cir. 1995) (affirming district court's decision to realign insurers against the insured after determining that the primary issue in the case was whether the insurers were liable to the insured). Additionally, Plaintiff's complaint indicates that he may pursue damages through the Uninsured Employers Fund depending on the liability coverage available through Hartford. If he chooses to do so, the Fund may pursue legal action against American Stump. *See* Md. Code Ann., Lab. & Empl. § 9-1001, *et seq.* Rawls, American Stump, and Szoke, therefore, all have a shared interest in maximizing recoveries from Hartford.

The parties will be re-aligned accordingly. Rawls, American Stump, and Szoke shall be realigned as Plaintiffs in this action. Hartford shall be the sole Defendant. With this configuration, complete diversity exists among the parties and this Court may exercise its original jurisdiction over the matter.[1]

## II. The Notice of Removal was Timely.

In general, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). As the United States Court of Appeals for the Fourth Circuit has recently held, the 30-day period commences when the defendant actually receives a copy of the initial pleading. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391-94 (4th Cir. 2018). Acceptance of

---

[1] There is no dispute that the amount in controversy requirement is satisfied, as the value of the declaration Rawls seeks exceeds $75,000.00.

5

service by a statutory agent does not trigger the 30-day period. *Id.* at 394.

In this case, Hartford's statutory agent, the Commissioner of the Maryland Insurance Administration, was served on April 22, 2019. (Writ of Summons, ECF No. 1-3.) Three days later, on April 25, 2019, Hartford's resident agent, CT Corporation, received the Complaint and emailed it to Hartford. (Service of Process Transmittal, ECF No. 1-4.) Under the rule articulated in *Elliott*, the 30-day period commenced on that date and would have terminated on Saturday, May 25, 2019. By operation of Fed. R. Civ. P. 6(a)(1)(C), "if the last day is a Saturday, Sunday, or legal holiday," the applicable time period is extended to fall upon the "next day that is not a Saturday, Sunday, or legal holiday." Accounting for Memorial Day, which fell on Monday, May 27, 2019, the last day for Hartford to file its Notice of Removal was Tuesday, May 28, 2019. Hartford filed its Notice on that day. Accordingly, Hartford's Notice of Removal was timely.

## III. 28 U.S.C. § 1445(c) Does Not Bar Removal.

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action . . . arising under the workmen's compensation laws of [any] state may not be removed to any district court of the United States." Congress passed § 1445(c) to stave off the tide of workers' compensation cases which were flooding the district courts. *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 124, 128 (4th Cir. 1995). Specifically, § 1445(c) was designed to thwart the frequent removal of workers' compensation suits from Texas, New Mexico and a handful of other states. *Id.* at 124. These states saw a large number of workers' compensation actions in their courts because they either permitted workers to file state court actions to set aside agency determinations concerning their workers' compensation claims (as in the case of Texas) or allowed them to

6

sue their employers directly in state court to obtain workers' compensation (as in New Mexico). *Id.* In addition to sparing the federal courts' docket from such suits, "the statute reflects a congressional concern for the states' interest in administering their own workers' compensation schemes." *Armistead v. C&M Transport, Inc.*, 49 F.3d 43, 46 (1st Cir. 1995).

This case does not "arise under" Maryland's workers' compensation laws. Rawls is pursuing a declaratory judgment action to determine the amount of "available insurance coverage for Defendants American Stump and Stephan Szoke, to be provided by Defendant Hartford." (Compl. at 4.) Although Rawls contends that the recourse available to him under Maryland's workers' compensation scheme has motivated him to investigate the extent of American Stump and Szoke's insurance coverage, this vague relation to workers' compensation law does not offend the congressional policy reflected by § 1445(c). This case does not resemble those removed from Texas or New Mexico which were "jamming the dockets of busy federal courts." *Arthur*, 58 F.3d at 128. There is no indication that the maintenance of this suit in this forum will frustrate Maryland's interests in administering its workers' compensation scheme. Rather, this case presents the sort of controversy regularly adjudicated in federal court. *See Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375-76 (4th Cir. 1994) ("[W]e have frequently approved the use of federal declaratory judgment actions to resolve disputes over liability insurance coverage."), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995).

For the foregoing reasons, it is HEREBY ORDERED this 7th day of January 2020 that:

1. The Motion to Remand this Action to State Court (ECF No. 13) is DENIED;

2. The Clerk of this Court shall designate Justin Rawls, American Stump & Tree Service, Inc., and Stephan J. Szoke as Plaintiffs. Hartford Accident & Indemnity Company shall be designated as the sole Defendant; and

3. The Clerk of this Court shall transmit a copy of this Order to counsel of record,

_/s/ Richard D. Bennett_
Richard D. Bennett
United States District Judge